IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERRY A. HURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 15-360-GMS |
| | ) | |
| MAXWELL WIEGARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

**I.   INTRODUCTION**

The plaintiff, Jerry A. Hurst ("Hurst"), who proceeds *pro se*, filed this lawsuit on May 5, 2015, alleging violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 through 2725 and constitutional violations pursuant to 42 U.S.C. § 1983.[1] Hurst also raises supplemental state claims for breach of the implied covenant of good faith and fair dealing and of the defendant State Farm Mutual Automobile Insurance Company's ("State Farm") written privacy policy, civil conspiracy, intentional infliction of emotional distress, tortious interference with contractual relations, misappropriation of his name under Virginia common law, and violations of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. §§ 59.1-196, *et seq.*, and the Virginia Personal Information Protection Act ("VPIPA"), Va. Code Ann. §§ 59.1-442, *et seq.*

---

[1] The court denied Hurst leave to proceed *in forma pauperis* and Hurst appealed. (D.I. 6, 9.) On appeal, the order denying leave to proceed *in forma pauperis* was vacated, and the matter was remanded in August 2016. (D.I. 12.) Thereafter, the court granted Hurst leave to proceed *in forma pauperis*, and a service order issued. (D.I. 11, 13.)

Before the court are motions to dismiss filed by the defendants Nicholas Skiles ("Skiles") (D.I. 17), Colin Shalk ("Shalk") (D.I. 29), Maxwell Wiegard ("Wiegard") and Guy Harbert ("Harbert") (D.I. 37), and Marty Harbin ("Harbin") and State Farm (D.I. 40). Also before the court are Hurst's request for entry of default and motion to strike (D.I. 32, 48). For the reasons that follow, the court will grant the defendants' motions to dismiss, will deny Hurst's motions, and will order Hurst to show cause why he should not be enjoined from filing future similar cases.

## II. BACKGROUND

Hurst and his litigation have come full circle. As set forth in this court's February 9, 2012 memorandum and order in *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 10-1001-GMS, 2012 WL 426018, at *1 (D. Del. Feb. 9, 2012), *aff'd*, No. 12-1654 (3d Cir. Oct. 24, 2012) ("*Hurst I*"), this action stems from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van and allegations that Hurst received a November 24, 2008 letter from State Farm, "confessing" that State Farm, through its outside agents and legal counsel, disclosed Hurst's "personal information," including Hurst's social security number, driver identification number, address, and other information that identifies an individual, all in violation of the DPPA. *Hurst I*, 2012 WL 426018, at *2. The court's February 9, 2012 memorandum sets forth the background of Hurst's claim, and it is incorporated herein. *See Hurst I*, 2012 WL 426018, at *2-3.

*Hurst I* alleged: (1) violations of the DPPA; (2) violations of 42 U.S.C. § 1983 by reason of DPPA violations; (3) violations of privacy rights under the Fourth Amendment of the United States Constitution by reason of DPPA violations; (4) constitutional violations of the right to

2

privacy by publicizing private facts and by false light; (5) conspiracy; (6) retaliation; (7) fraud, fraudulent concealment, and fraud on the court; (8) abuse of process; (9) intentional infliction of emotional distress; (10) tortious interference with contractual relations; (11) tortious interference with business relations; (12) inadequate hiring, training, supervision, and discipline; (13) breach of the covenant of good faith and fair dealing and privacy policy; (14) constitutional claims; and (15) State law claims. *Hurst I* was filed against State Farm, Harbin, Wiegard, Harbert, and Shalk, all of whom are named defendants in this action. Other named defendants were City of Rehoboth Beach ("Rehoboth Beach"), Walter Speakman ("Speakman"), Keith Banks ("Banks"), Kevin Connors ("Connors"), United National Insurance Company ("United National Insurance"), and Harleysville Mutual Insurance Company ("Harleysville Mutual Insurance"). Skiles, a defendant in the instant action, is an attorney who represented Rehoboth Beach, Speakman, and Harleysville Mutual Insurance in *Hurst I*.

In *Hurst I*, this court took judicial notice that Hurst had filed four prior lawsuits regarding the theft of the van, including: (1) *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 04-1350-TSE-BRP (E.D. Va.), a RICO action against State Farm, Harbin, David L. Jones ("Jones"), Marshall Major ("Major"), and John D. McGavin ("McGavin"), dismissed on November 15, 2004; (2) *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 05-1279-GBL-TRJ (E.D. Va.), filed November 7, 2005, alleging that State Farm breached the terms of an automobile insurance policy when it denied Hurst's claim for the 2001 theft of his van. Hurst attached as an exhibit to the complaint a non-redacted affidavit of vehicle theft. The complaint also alleged fraud, conspiracy, and intentional infliction of emotional distress. The matter was transferred from the Eastern District of Virginia to the Western District of Virginia on December 21, 2005, *Hurst v.*

3

*State Farm Mut. Auto. Ins.*, Civ. No. 05-776-GEC (W.D. Va.), and summary judgment was granted in favor of State Farm, affirmed on appeal, on April 29, 2009; (3) *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 08-2907-WMN (D. Md.), a RICO action against State Farm, Harbin, Jones, Major, and McGavin, dismissed on November 19, 2008, as barred by res judicata, affirmed on appeal on April 29, 2009; and (4) *Hurst v. City of Salisbury*, Civ. No. 10-2516-WDG (D. Md.), alleging violations under the federal criminal code, as well as breach of contract, tortious breach of contract, bad faith, and intentional infliction of emotional distress, against the City of Salisbury ("Salisbury"), Chief Webster ("Webster"), Captain Wiley ("Wiley"), Officer Smullen ("Smullen"), State Farm, Major, Harbin, McGavin, Wiegard, and Harbert, dismissed as barred by res judicata and, in the alternative, as time-barred, affirmed on appeal, on May 31, 2011.

After considering motions to dismiss filed in *Hurst I*, this court found that: (1)(a) Hurst was barred under the doctrines of claim and issue preclusion to relitigate claims relating to the actions of State Farm, Harbin, and Wiegard, and Harbert, individuals who were defendants in prior federal litigation Hurst filed against them, and (b) to the extent that Hurst sought to raise additional claims that could have been raised in his prior actions, the claims were also barred; (2) the 42 U.S.C. § 1983 claims and Delaware conspiracy and fraud claims were time-barred; (3) the defendants were protected under the absolute litigation privilege; (4) a malicious defense claim is not cognizable under Delaware law; (5) the allegations failed to state claims upon which relief may be granted under the DPPA, 42 U.S.C. § 1983, and the State claims of false light invasion of privacy, conspiracy, fraud, fraudulent concealment, and fraud on the court, abuse of process, intentional infliction of emotional distress, tortious interference with contractual

relations, tortious interference with business relations, breach of the covenant of good faith and fair dealing, and the remaining "catch-all claims." *See Hurst I*, 2012 WL 426018, at *7-18. The court dismissed the complaint and found futility in amendment. *Id.* at *18.

Undeterred by the ruling in *Hurst I* (affirmed on appeal), Hurst commenced two more actions raising the same or similar claims against the same defendants, including: (1) *Hurst v. Harbert*, Civ. No. 13-558-GBL-JFA (E.D. Va.) filed May 3, 2013, raising DPPA, 42 U.S.C. § 1983 claims, and supplemental state claims including breach of the implied covenant of good faith and fair dealing, misappropriation of Hurst's name, violation of VPIPA, civil conspiracy, intentional infliction of emotional distress, and tortious interference with contractual relations against Harbert, Wiegard, Harbin, Shalk, Skiles, State Farm, and Doe defendants.[2] Upon screening, the district court dismissed the federal claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and declined to exercise supplemental jurisdiction over the state law claims.[3] *See Hurst v. Harbert*, 2013 WL 12107769 (E.D. Va. Sept. 30, 2013), *appeal dismissed*, 577 F. App'x 145 (4th Cir. June 20, 2014) ("*Hurst II*"); and (2) *Hurst v. Harbert*, Civ. No.15-033-GEC (W.D. Va.) filed May 6, 2015, raising the same claims against the same defendants as in *Hurst II*.[4] Upon screening, the

---

[2]There are few changes between the instant complaint (D.I. 2) and complaint filed in Civ. No. 13-558-GBL-JFA at D.I. 1. The main difference is that the instant complaint contains a paragraph 42 while the complaint in 13-558-GBL-JFA does not.

[3]The case was dismissed without prejudice. *Hurst v. Harbert*, Civ. No. 13-0588 at D.I. 4.

[4]There are few changes between the instant complaint (D.I. 2) and complaint filed in Civ. No. 15-033-GEC at D.I. 2. The main difference is that the complaint in 15-033-GEC includes "added 'factual content' required by dismissal order" while that information is not included in the instant complaint.

district court dismissed the federal claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and declined to exercise supplemental jurisdiction over the state law claims.[5] *See Hurst v. Harbert*, 2015 WL 3505557 (W.D. Va. June 3, 2015), *aff'd*, 630 F. App'x 209 (4th Cir. Jan. 19, 2016) ("*Hurst III*").

As discussed, the instant complaint contains virtually identical claims as those raised in *Hurst I*, *Hurst II*, and *Hurst III*. As in *Hurst II* and *Hurst III*, Hurst now alleges that, on May 6, 2011, during the course of the *Hurst I* litigation, the defendants filed unredacted copies of the same personal information previously disclosed by the defendants and that there were numerous out-of-court disclosures of his personal information (none of which are identified). (D.I. 2 at ¶¶ 4, 11.) Skiles moves for dismissal on the grounds of res judicata and for failure to state claims upon which relief may be granted. (D.I. 17, 18.) Shalk joins Skiles' motion to dismiss and seeks dismissal on the basis of res judicata, collateral estoppel, and for failure to state claims upon which relief may be granted. (D.I. 29, 30.) Wiegard and Harbert joint Skiles' and Shalk's motions to dismiss and move for dismissal on the grounds of res judicata, collateral estoppel, and as time-barred. (D.I. 37, 38.) State Farm and Harbin move for dismissal on the grounds of res judicata, as time-barred, and for failure to state claims upon which relief may be granted. (D.I. 40, 41.) All the defendants ask the court to enjoin Hurst from filing serial lawsuits. Hurst opposes the motions. He requests entry of default as to Harbert, Shalk, and Wiegard, and moves to strike Skiles' sur-reply brief.[6] (D.I. 32, 48.)

---

[5]The case was dismissed without prejudice. *Hurst v. Harbert*, Civ. No.15-033 at D.I. 7.

[6]The court will deny Hurst's motion to strike Skiles' filing titled "Sur-Reply Brief in Support of Defendants' Motion to Dismiss Complaint." (D.I. 48.) A review of the court docket indicates that Skiles filed a motion to dismiss (D.I. 17) with supporting memorandum (D.I. 18),

## III. MOTIONS TO DISMISS

### A. Standard of Review

Because Hurst proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The defendants move for dismissal pursuant to Rule 12(b)(6).

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

---

Hurst filed a response to the motion to dismiss (D.I. 27), and Skiles filed a reply to Hurst's response, but misnamed the filing as a "sur-reply brief" as opposed to its proper designation as a reply brief.

[7]Hurst is not unskilled in the law. In 1969 he was a licensed attorney admitted to the State Bar of California. He maintains a "not eligible" status for failure to pay Bar member fees. *See* http://members.calbar.ca.gov (last visited June 19, 2017).

7

*Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

**B. Discussion**

The court turns to the case dispositive issues of claim and issue preclusion. The defendants contend that the instant complaint represents yet another action raising previously adjudicated claims arising from State Farm's denial of Hurst's 2001 claim for the theft of his van. They argue that Hurst presents the same allegations as those raised before this court in *Hurst I* and urge this court to dismiss the complaint for the same reasons as set forth in the court's February 9, 2012 opinion. In *Hurst I*, this court stated,

> Federal courts in Maryland and Virginia have found, and this court agrees with them, that Hurst is barred under the doctrines of claim and issue preclusion to relitigate his claims relating to the actions of State Farm, Harbin, and Wiegard, and Harbert; individuals who were defendants in prior federal litigation Hurst filed against them. To the extent Hurst seeks to raise additional claims that could have been raised in his prior actions, said claims are also barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). Hurst's time to raise his claims occurred when he unsuccessfully sought recovery in the District Courts in Virginia and Maryland. Hurst may not relitigate the claims he currently raises against State Farm, Harbin, Wiegard, and Harbert as they are barred under the doctrines of claim and issue preclusion.

*Hurst I*, 2012 WL 426018, at *7.

The instant complaint raises claims alleging violations of the DPPA (Counts I and II) and violations of 42 U.S.C. § 1983 (Count III). With the exception of Skiles, who was not a defendant in *Hurst I*, Hurst raises the same DPPA and § 1983 claims against the same defendants (*i.e.*, Wiegard, Harbin, Harbert, State Farm, and Shalk) in this case as in *Hurst I*. This court dismissed these claims in *Hurst I*. In addition, these claims raised against Skiles, as well as the other named defendants in this action, in *Hurst II* and *Hurst III*, were dismissed without prejudice.

Count I of the instant complaint also alleges breach of the implied covenant of good faith and fair dealing and of the written privacy policy of State Farm, Count VI alleges civil conspiracy, and Count VII alleges intentional infliction of emotional distress, although none of the counts indicate the state law under which it is raised. In *Hurst I*, the court dismissed these claims, as raised under Delaware law, for failure to state claims upon which relief may be granted.[8] In Count VIII, the complaint alleges tortious interference with contractual relations under Delaware law.[9] The court dismissed a similar claim in *Hurst I* for failure to state a claim upon which relief may be granted. Finally, the instant complaint alleges misappropriation of Hurst's name under Virginia common law (Count IV) and violations of the VCPA and the VPIPA (Count V). Hurst raised these claims against all the defendants in *Hurst II* and *Hurst III*. In both cases, the district court dismissed the federal claims and declined to exercise jurisdiction over the supplemental state claims.

"Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action." *See Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (unpublished); *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties

---

[8]The court also dismissed civil conspiracy claims raised under 42 U.S.C. § 1983. *See Hurst I*, 2012 WL 426018, at *13.

[9]In *Hurst I*, the court found that the defendants were protected under the absolute litigation privilege. The instant complaint alleges in Count VIII that the application of this privilege violates the DPPA and the Supremacy Clause and guarantees continued injures to Hurst.

in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Transamerica Occidental*, 292 F.3d at 392.

Collateral estoppel, also known as issue preclusion, "refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated." *See Fairbank's Capital Corp.*, 234 F. App'x at 23. Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)). There are four requirements for the application of collateral estoppel: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (internal quotation marks and citations omitted).

In *Hurst I*, this court agreed with federal courts in Maryland and Virginia that Hurst is barred under the doctrines of claim and issue preclusion to relitigate his claims relating to the actions of State Farm, Harbin, and Wiegard, and Harbert; individuals who were defendants in prior federal litigation Hurst filed with regard to claims arising from State Farm's denial of Hurst's 2001 claim for the theft of his van. *Hurst I*, 2012 WL 426018, at *7. In addition, in *Hurst I*, this court granted the defendants' motions to dismiss and found amendment futile. *See id.* at *18. As discussed, the allegations in *Hurst I* raised against Wiegard, Harbin, Harbert, State Farm, and Shalk (all of which related to the 2001 insurance claim) included the following

11

dismissed claims: DPPA,[10] 42 U.S.C. § 1983, Delaware conspiracy, fraud, false light invasion of privacy, fraudulent concealment, and fraud on the court, abuse of process, intentional infliction of emotional distress, tortious interference with contractual relations, tortious interference with business relations, breach of the covenant of good faith and fair dealing, and various "catch-all claims." *See Hurst I*, 2012 WL 426018, at *7-18. Many of these claims are again raised in the instant action.

Skiles was not a named defendant in *Hurst I*.[11] However, he was counsel of record for Rehoboth Beach, Speakman, and Harleysville Mutual Insurance and, hence, in privity with those parties in *Hurst I*. *See Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001) ("Both parties to the declaratory judgment suit were represented by the same attorneys who

---

[10]Section 2721(a) of the DPPA provides that state DMVs "shall not knowingly disclose or otherwise make available" the personal information contained in state motor vehicle records, except in accordance with the Act. The DPPA creates a private cause of action against any "person who knowingly obtains, discloses, or uses personal information, from a motor vehicle record, for a purpose not permitted under [the Act]." *Maracich v. Spears*, __U.S.__, 133 S.Ct. 2191, 2199 (2013) (citing § 2724(a)). Hurst seems to argue that prior court rulings are null or overruled by *Maracich*, decided in 2013, that analyzed the scope of the litigation exception and held that an attorney's solicitation of prospective clients for ongoing litigation fell outside the bounds of § 2721(b)(4). The ruling in *Maracich* is factually distinguishable from the instant case. In addition, the instant complaint fails to state a claim for relief under this section, given that Hurst does not allege that the defendants obtained his personal information from his state motor vehicle record. Rather, Hurst states, and as previously determined by this court, he provided his personal information to the defendants via an affidavit that he submitted to State Farm in 2001. In addition, the litigation exception as set forth in (b)(4) is applicable and, hence, there can be no violation.

[11]The court considers Hurst's argument that res judicata does not attach to Skiles because *Hurst II* and *Hurst III*, both naming Skiles as a defendant, were dismissed without prejudice. *See Venuto v. Witco Corp.*, 117 F.3d 754, 760 (3d Cir. 1997) (when an earlier court dismisses a claim "without prejudice," res judicata does not bar a party from raising that claim in a subsequent action). The cases dismissed without prejudice, however, do not negate Skiles' privity with the defendants in *Hurst I* and that ruling's preclusive effect.

appeared in the Henglein case. There can be no question about privity or identity of issues in the two cases."). "Privity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.'" *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (1990)). The effect of privity is that the ruling in *Hurst I* that is res judicata as to Rehoboth Beach, Speakman, and Harleysville Mutual Insurance, is also res judicata to Skiles who represented them in *Hurst I* as he is in privity with them. *See Iacopine v. New Amsterdam Cas. Co.*, 379 F.2d 311, 312 (3d Cir. 1967).

Hurst's time to raise the claims in this action occurred when he unsuccessfully sought recovery in this court and district courts in Virginia and Maryland. Hurst may not relitigate the claims he currently raises against the defendants as they are barred under the doctrines of claim and issue preclusion. To the extent Hurst seeks to raise additional claims, such as the claims raised under Virginia law, said claims could have been raised in Hurst's prior actions, and they are also barred.[12] For these reasons, the court will grant the defendants' motions to dismiss.

---

[12]Counts I, II, III, VI, VII, and VIII were previously raised by Hurst in *Hurst I*. Counts IV and V are raised here for the first time, although they were raised in the two recent lawsuits filed by Hurst that were dismissed with prejudice. Even were Hurst not barred from raising the claims, it is appropriate to dismiss Counts IV and V for failure to state claims upon which relief may be granted. Count IV raises a misappropriation of name under Virginia law. Because Virginia does not recognize the common law tort of invasion of privacy based on an unauthorized use of a person's name, dismissal is appropriate. *See WJLA-TV v. Levin*, 264 Va. 140, 564 S.E. 2d 383 (Va. 2002). Count V raises claims under VCPA and VPIPA. The allegations fail to state claims upon which relief may be granted under the VCPA and VPIPA, *see* Va. Code Ann. §§ 59.1-200(A)(43), 59.1-443.2, 59.1-444, and, further, the claims are time-barred by the two year limitations period for VCPA and VPIPA claims, *see* Va. Code Ann. §§ 59.1-204.1, 59.1-443.3, 59.1-444. Therefore, dismissal of Count V is also appropriate.

## IV. MOTION FOR ENTRY OF DEFAULT

On February 8, 2017, Hurst filed a request for entry of default on the grounds that Shalk, Wiegard, and Harbert failed to plead or otherwise defend. (D.I. 32.) The defendants respond that they were not required to answer or otherwise respond until on or before February 21, 2017, and that they timely filed motions to dismiss.

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. Sept. 19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007) (unpublished).

According to the court docket, Shalk, Wiegard, and Harbert were to file an answer or otherwise plead on or before February 21, 2017, and they did so. (*See* D.I. 19, 20, 21.) Shalk filed his motion to dismiss on January 27, 2017 (D.I. 29), and Wiegard and Harbert filed their motion to dismiss on February 21, 2017 (D.I. 37). Hurst prematurely requests entry of default. Therefore, the court will deny the motion. (D.I. 32.)

## V. VEXATIOUS LITIGANT

Hurst has engaged in filing numerous lawsuits that contain frivolous and repetitive legal arguments and claims that are vexatious and abusive of the judicial process. These lawsuits all raise issues relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including but not limited to claims of: (1) violations of the DPPA; (2) violations of 42 U.S.C. § 1983; (3) violations of privacy rights

14

under the Fourth Amendment of the United States Constitution; (4) constitutional violations of the right to privacy by publicizing private facts and by false light; (5) conspiracy; (6) retaliation; (7) fraud, fraudulent concealment, and fraud on the court; (8) abuse of process; (9) intentional infliction of emotional distress; (10) tortious interference with contractual relations; (11) tortious interference with business relations; (12) inadequate hiring, training, supervision, and discipline; (13) breach of the covenant of good faith and fair dealing and privacy policy; (14) violations of VCPA and VPIPA; and (15) misappropriation of name. The lawsuits were filed against Skiles, Shalk, Wiegard, Harbert, Harbin, State Farm, Rehoboth Beach, Speakman, Banks, Connors, United National Insurance, Harleysville Mutual Insurance, Jones, Major, McGavin, Salisbury, Webster, Wiley, and Smullen.

In addition to the instant action, Hurst has filed the following lawsuits in this court and other federal courts all related to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, as follows: *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 04-1350-TSE-BRP (E.D. Va.) (dismissed Nov. 15, 2004); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 05-776-GEC (W.D. Va.) (summary judgment granted in favor of defendants Sept. 26, 2008), *aff'd as modified*, No. 08-2223 (4th Cir. Apr. 29, 2009); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 08-2907-WMN (D. Md.) (dismissed Nov. 19, 2008), *aff'd*, No. 08-2372 (4th Cir. Apr. 29, 2009); *Hurst v. City of Salisbury*, Civ. No. 10-2516-WDG (D. Md.) (dismissed Oct. 10, 2010) *aff'd*, No. 10-2774 (4th Cir. May 31, 2011); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 10-1001-GMS (D. Del. (dismissed Feb. 9, 2012), *aff'd*, No. 12-1654 (3d Cir. Oct. 24, 2012); *Hurst v. Harbert*, Civ. No. 13-558-GBL-JFA (E.D. Va.) (dismissed Sept. 30, 2013), *appeal dismissed*, No. 13-2524 (4th Cir. June 20, 2014);

and *Hurst v. Harbert*, Civ. No.15-033-GEC (W.D. Va.) (dismissed June 3, 2015), *aff'd*, No. 16-1242 (4th Cir. Aug. 22, 2016).

Because of Hurst's litigious activity, which the court finds vexatious, the court has the power to enjoin him from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (unpublished). The court has reviewed the complaints and opinions dismissing them, in each of the above-listed cases, and note that they are repetitive, frivolous and/or fail to state claims upon which relief may be granted. Indeed, with his repetitive filings, Hurst has abused the legal process.

Therefore, Hurst will be ordered to show cause, in writing, why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including, but not limited to actions against Skiles, Shalk, Wiegard, Harbert, Harbin, State Farm, Rehoboth Beach, Speakman, Banks, Connors, United National Insurance, Harleysville Mutual Insurance, Jones, Major, McGavin, Salisbury, Webster, Wiley, and Smullen. or their counsel who represents or represented them.

## VI. CONCLUSION

For the above reasons, the court will grant the defendants' motions to dismiss (D.I. 17, 29, 37, 40) and will deny the plaintiff's the request for entry of default (D.I. 32) and motion to

strike (D.I. 48).[13] Amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

An appropriate order will be issued.

/s/ _____
UNITED STATES DISTRICT JUDGE

June 27, 2017
Wilmington, Delaware

---

[13]The court does not address the other grounds for dismissal raised by the defendants, but notes that dismissal is appropriate based upon the reasoning in the rulings in *Hurst I*, *Hurst II*, and *Hurst III* for failure to state a claim upon which relief may be granted, and as time-barred.