IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-360-GMS |
| | ) |
| MAXWELL WIEGARD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of _____, 2017:

1. The plaintiff Jerry A. Hurst ("Hurst") has engaged in filing numerous lawsuits that contain frivolous and repetitive legal arguments and claims that are vexatious and abusive of the judicial process. These lawsuits all raise issues relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including but not limited to claims of: (1) violations of the Driver's Privacy Protection Act ("DPPA"); (2) violations of 42 U.S.C. § 1983; (3) violations of privacy rights under the Fourth Amendment of the United States Constitution; (4) constitutional violations of the right to privacy by publicizing private facts and by false light; (5) conspiracy; (6) retaliation; (7) fraud, fraudulent concealment, and fraud on the court; (8) abuse of process; (9) intentional infliction of emotional distress; (10) tortious interference with contractual relations; (11) tortious interference with business relations; (12) inadequate hiring, training, supervision, and discipline; (13) breach of the covenant of good faith and fair dealing and privacy policy; (14) violations of Virginia Consumer Protection Act ("VCPA") and Virginia Personal Information Protection Act ("VPIPA"); and (15) misappropriation of name. The lawsuits were filed against Nicholas Skiles ("Skiles"), Colin Shalk

("Shalk"), Maxwell Wiegard ("Wiegard"), Guy Harbert ("Harbert"), Marty Harbin, State Farm Mutual Automobile Insurance Company ("State Farm"), City of Rehoboth Beach ("Rehoboth Beach"), Water Speakman ("Speakman"), Keith Banks ("Banks"), Kevin Connors ("Connors"), United National Insurance Company ("United National Insurance"), and Harleysville Mutual Insurance Company ("Harleysville Mutual Insurance"), David L. Jones ("Jones"), Marshall Major ("Major"), and John D. McGavin ("McGavin"), City of Salisbury ("Salisbury"), Chief Webster ("Webster"), Captain Wiley ("Wiley"), and Officer Smullen ("Smullen").

2. In addition to the instant action, Hurst has filed the following lawsuits in this court and other federal courts all related to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, as follows: *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 04-1350-TSE-BRP (E.D. Va.) (dismissed Nov. 15, 2004); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 05-776-GEC (W.D. Va.) (summary judgment granted in favor of defendants Sept. 26, 2008), *aff'd as modified*, No. 08-2223 (4th Cir. Apr. 29, 2009); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 08-2907-WMN (D. Md.) (dismissed Nov. 19, 2008), *aff'd*, No. 08-2372 (4th Cir. Apr. 29, 2009); *Hurst v. City of Salisbury*, Civ. No. 10-2516-WDG (D. Md.) (dismissed Oct. 10, 2010), *aff'd*, No. 10-2774 (4th Cir. May 31, 2011); *Hurst v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 10-1001-GMS (D. Del. (dismissed Feb. 9, 2012), *aff'd*, No. 12-1654 (3d Cir. Oct. 24, 2012); *Hurst v. Harbert*, Civ. No. 13-558-GBL-JFA (E.D. Va.) (dismissed Sept. 30, 2013), *appeal dismissed*, No. 13-2524 (4th Cir. June 20, 2014); and *Hurst v. Harbert*, Civ. No.15-033-GEC (W.D. Va.) (dismissed June 3, 2015), *aff'd*, No. 16-1242 (4th Cir. Aug. 22, 2016).

3. As a result of the numerous filing, on June 27, 2017, Hurst was ordered to show cause, in writing, why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including, but not limited to actions against Skiles, Shalk, Wiegard, Harbert, Harbin, State Farm, Rehoboth Beach, Speakman, Banks, Connors, United National Insurance, Harleysville Mutual Insurance, Jones, Major, McGavin, Salisbury, Webster, Wiley, and Smullen or their counsel who represents or represented them.

4. A district court has the power to enjoin vexatious litigants from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (unpublished). The Court, in seeking to enjoin Hurst as a vexatious litigant from future joint litigation, provided him sufficient notice and an opportunity to be heard in the form of a show cause order entered June 27, 2017; *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

5. Hurst filed a response to the show cause order. His response, however, does not address the issue of his vexatious filings and/or whether he should be enjoined from future filings. Instead, Hurst argues that the show cause order was unconstitutional. He also discusses that portion of the June 27, 2017 memorandum and order that granted the defendants' motions to dismiss, discusses his position that the court failed to apply the proper law, and argues in favor of reconsideration of dismissal.[1]

---

[1] Hurst filed a motion for reconsideration (D.I. 52), the merits of which are addressed in a separate order.

3

6. Having thorough reviewed Hurst's response to the show cause order, the court finds that he has failed to show cause show cause why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including, but not limited to actions against Skiles, Shalk, Wiegard, Harbert, Harbin, State Farm, Rehoboth Beach, Speakman, Banks, Connors, United National Insurance, Harleysville Mutual Insurance, Jones, Major, McGavin, Salisbury, Webster, Wiley, and Smullen or their counsel who represents or represented them.

IT IS THEREFORE ORDERED that:

1. The plaintiff is hereby enjoined from filing, without prior authorization of the Court, any filing any complaint, lawsuit, or petition for writ of mandamus, relating to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van, including, but not limited to actions against Skiles, Shalk, Wiegard, Harbert, Harbin, State Farm, Rehoboth Beach, Speakman, Banks, Connors, United National Insurance, Harleysville Mutual Insurance, Jones, Major, McGavin, Salisbury, Webster, Wiley, and Smullen or their counsel who represents or represented them.

2. The plaintiff must file a motion for leave to file with any new complaint, lawsuit, or petition for writ of mandamus, that he proposes to file and must attach a copy of this memorandum order to it. The motion shall be filed as a miscellaneous case.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a

new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for jurisdiction and venue in the District of Delaware.

4. The court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this memorandum order shall be sufficient grounds for this court to deny any motion for leave to file.

5. If the motion for leave to file is granted, the plaintiff shall submit the order as evidence that he has obtained the permission of the court for the filing.

6. No document submitted by the plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this memorandum order, and a copy of this memorandum order.

7. The clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted.

8. The plaintiff is placed on notice that should leave be granted but the case is not properly venued in this district, the court will transfer the case to the proper venue without ruling on the merits of the case and without ruling on any motions, including motions for leave to proceed in forma pauperis.

UNITED STATES DISTRICT JUDGE