IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERRY A. HURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 15-360-GMS | |
| | ) | |
| MAXWELL WIEGARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Jerry A. Hurst ("Hurst"), who proceeds *pro se*, filed this lawsuit on May 5,

2015, alleging violations of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 through 2725

and constitutional violations pursuant to 42 U.S.C. § 1983. He also raised supplemental state

claims for breach of the implied covenant of good faith and fair dealing and of the defendant

State Farm Mutual Automobile Insurance Company's written privacy policy, civil conspiracy,

intentional infliction of emotional distress, tortious interference with contractual relations,

misappropriation of his name under Virginia common law, and violations of the Virginia

Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.*, and the Virginia Personal

Information Protection Act, Va. Code Ann. §§ 59.1-442, *et seq.* On June 27, 2017, the court

granted the motions to dismiss the complaint. (*See* D.I. 49, 50.)

Before the court is Hurst's motion to alter or amend judgment, construed by the court as a

motion for reconsideration. (D.I. 52.) He contends that the undersigned judge erred in granting

the defendants' motions to dismiss for a number of reasons including, but not limited to, that the

undersigned disregarded the pleaded facts, violated case law, favored the defendants, violated his

oath of office, and lied. The defendants oppose the motion. (D.I. 54, 55, 57.)

The standard for obtaining relief under Rule 59(e) is difficult for Hurst to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has reviewed Hurst's complaint, the motions to dismiss and Hurst's opposition, and the relevant law. Hurst has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's June 27, 2017 memorandum and order that granted the defendants' motions to dismiss. Therefore, the court will deny the motion for reconsideration. (D.I. 52.)

_____
UNITED STATES DISTRICT JUDGE

_____ _____, 2017
Wilmington, Delaware

SEP 26 2017

2